# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CYNTHIA A. FRY,
               Appellant,

       v.

OFFICE OF PERSONNEL
   MANAGEMENT,
               Agency.

DOCKET NUMBER
CH-0831-14-0467-I-1

DATE: February 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Roger M. Driskill</u>, Esquire, Liberty, Missouri, for the appellant.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision finding that the Office of Personnel Management (OPM) did not abuse its discretion in dismissing her request for reconsideration as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. As set forth below by this Final Order, we AFFIRM the initial decision in part, and VACATE the initial decision in part.

¶2      OPM issued an initial decision dated July 31, 2012, determining that the appellant was not entitled to survivor benefits under Civil Service Retirement System because: (1) the language of her divorce decree was insufficient to identify her deceased ex-husband's retirement system in accordance with 5 C.F.R. § 838.611; and (2) a former spouse who remarries before the age of 55, irrevocably loses entitlement to survivor benefits in accordance 5 C.F.R. § 838.732.[2] Initial Appeal File (IAF), Tab 7 at 10. In the instructions enclosed with the initial decision, OPM informed the appellant that she could dispute the decision by requesting reconsideration within 30 calendar days of the date of OPM's initial decision. *Id*. at 10-11. The instructions also explained that OPM could extend the 30-day time limit if the appellant could show that she was not notified of the time limit and was not otherwise aware of it or she was prevented from responding by a cause beyond her control. *Id*. at 11. To be timely, OPM

---

[2] The appellant's application for death benefits indicates that she remarried before the age of 55. Initial Appeal File, Tab 7 at 12-13.

had to receive the appellant's request for reconsideration by August 30, 2012. *See* 5 C.F.R. § 831.109(e)(1).

¶3    The appellant filed a request for reconsideration of OPM's July 31, 2012 initial decision, and her request had a November 8, 2012 postmark, which was 70 days after the August 30, 2012 time limit.  IAF, Tab 7 at 5-7, 9.  OPM issued a final decision on March 13, 2014, which dismissed the appellant's request for reconsideration as untimely.  *Id.* at 5.  In the decision, OPM stated that the appellant did not provide sufficient argument and/or evidence to justify extending the time limit for filing under 5 C.F.R. § 831.109(e).  *Id*.

¶4    The appellant, through her attorney representative, filed an appeal with the Board challenging OPM's final decision dismissing her request for reconsideration as untimely.  IAF, Tab 1.  The administrative judge issued a show cause order setting forth the regulation concerning timely requests for reconsideration.  IAF, Tab 9.  In response, the appellant explained that she received OPM's July 31, 2012 decision, and she immediately contacted her divorce attorney to obtain the court order needed "to satisfy OPM regarding survivor benefits."  IAF, Tab 10 at 6.  She stated that the court issued the required order on September 18, 2012, which she sent to OPM with her request for reconsideration postmarked November 8, 2012.  *Id*.  The appellant argued that she was unaware of the filing time limit and that overwhelming personal circumstances beyond her control prevented her from filing a timely request for reconsideration.[3]  *Id*. at 6-7.

¶5    The administrative judge issued an order and summary of the prehearing conference, in which she cancelled the hearing and found that OPM notified the

---

[3] Among other things, she stated that she had rotator cuff surgery, her house burnt down, and her son faced arson charges, 5 to 6 months before she received OPM's July 31, 2012 initial decision.  IAF, Tab 10 at 6-7.  She also stated that she moved a couple times in 2010 and 2011, she spent time traveling between Oklahoma and Missouri to visit her son and make appearances at his arson hearings in 2012 and 2013, and she had custody of her grandson.  *Id*. at 4-5.

appellant of the 30-day filing deadline, and the appellant acknowledged that OPM sent its July 31, 2012 initial decision to her correct address. IAF, Tab 12 at 3. The administrative judge found that the appellant alleged that, due to ongoing stress, she failed to appreciate the 30-day deadline for requesting reconsideration; however, she "did not allege that a specific event prevented her from filing her appeal." *Id.* The administrative also found that the appellant had not alleged that: "she was hospitalized, incapacitated, ill, or unable to pay her bills or manage her own affairs during the filing period." *Id.* The appellant's attorney did not notify the administrative judge of any corrections to the summary although he was advised that, in the absence of such notice, the rulings in the order were final and not subject to modification, without a showing of good cause. *Id.* at 3-4. Although the administrative judge also granted the appellant's request to amend her appeal and submit an additional pleading by July 8, 2014, the appellant did not exercise that option. *Id.* at 3.

¶6      Based on the written record, the administrative judge issued an initial decision finding that OPM did not abuse its discretion in dismissing the appellant's request for reconsideration as untimely. IAF, Tab 14, Initial Decision (ID) at 3. In support of his decision, the administrative judge restated the findings set forth in her prehearing conference summary and order. ID at 2-3; IAF, Tab 12 at 2-3.

¶7      The appellant filed a timely pro se petition for review of the administrative judge's decision arguing, for the first time on review, that it was her divorce attorney's fault that her request for reconsideration was untimely.[4] Petition for Review (PFR) File, Tab 1. With permission from the Board, the appellant also filed a supplement to her petition for review. PFR File, Tabs 3-4, 6. The agency

---

[4] The appellant is representing herself on review because the attorney she used for her appeal is no longer representing her. PFR File, Tab 1 at 3. She states that she had help typing her petition for review because of her dyslexia. *Id.*

filed a response in opposition to the appellant's petition, and the appellant replied.  PFR File, Tabs 7-8.

¶8       OPM must receive a request for reconsideration of an OPM initial decision regarding retirement benefits within 30 calendar days from the date of the initial decision.  5 C.F.R. § 831.109(e)(1).  Pursuant to 5 C.F.R. § 831.109(e)(2), OPM could extend that time limit if the applicant could show that: (i) she was not notified of the time limit *and* was not otherwise aware of it, or (ii) she was prevented from responding by a cause beyond her control.  IAF, Tab 6 at 14; *see* 5 C.F.R. § 831.109(e)(2); *see also Azarkhish v. Office of Personnel Management*, 915 F.2d 675, 677 (Fed. Cir. 1990).  The good cause standard that the Board applies to untimely filed Board appeals is a more lenient standard than the narrower factual criteria under 5 C.F.R. § 831.109(e)(2).  *Azarkhish*, 915 F.2d at 677 n.1.  Applying the criteria in 5 C.F.R. § 831.109(e)(2), we find that the appellant does not argue on review that OPM failed to notify her of the filing time limit.  Accordingly, the issue before the Board is whether the appellant satisfied the second regulatory criterion for an extension of the time limit.  *See* 5 C.F.R. § 831.109(e)(2).

¶9       For the first time on review, the appellant submits a January 29, 2014 workers' compensation conference notice and a cell phone call log from October 2012.  PFR File, Tab 6.  The appellant has not shown that these documents, which predate the filing of her appeal, or the information contained in those documents, were unavailable before the record closed despite her due diligence.  Therefore, the Board will not consider this evidence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶10       The appellant also submits, for the first time on review, her October 2014 neurological assessment showing that she had a mild neurocognitive disorder and

required assistance in tasks requiring reading at the 4th grade level because of her previously diagnosed learning disorder. PFR File, Tab 6 at 4, 6. The psychologist stated, among other things, that the appellant is a high school graduate with depression and attention deficit hyperactivity disorder, reported suffering head trauma, and described "problems with cognition and behavior that have been present since approximately 2010." *Id.* at 6. The appellant submits the psychologist's assessment to demonstrate that, because of her severe dyslexia, she was unable to comprehend OPM's July 31, 2012 decision and had to rely entirely on her attorney to file a request for reconsideration.[5] PFR File, Tab 1 at 3.

¶11    However, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed and the appellant has not made that showing here. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989). The appellant does not argue that she was previously unaware of the conditions identified in her neurological assessment. Moreover, even considering this evidence, we would still affirm OPM's dismissal because the appellant has not shown that the neurological conditions or any other circumstances interfering with her ability to file her request for reconsideration actually *prevented* her from responding within the regulatory time limit. *See Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, ¶ 6 (1992); *see also* 5 C.F.R. § 831.109(e)(2). Accordingly, we find that the appellant did not make the showing required under 5 C.F.R. § 831.109(e)(2), and therefore OPM could not extend the filing time limit.

---

[5] The Board will not consider the appellant's additional argument that her divorce attorney negligently failed to respond to OPM's July 31, 2012 letter because the appellant has not shown that she based this argument on new and material evidence that was not previously available despite her due diligence. PFR File, Tab 6 at 8; *see Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Regardless, it is well settled that a person is bound by the consequences of her representative's conduct, including his acts and omissions. *See Azarkhish*, 915 F.2d at 678.

¶12    Where, as here, the appellant fails to show that she was not notified of the filing time limit and was not otherwise aware of it, or that she was prevented from circumstance beyond her control from making the request within the time limit, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying her untimely request for reconsideration. *See Davis v. Office of Personnel Management*, 104 M.S.P.R. 70, ¶ 13 (2006) (citing *Azarkhish*, 915 F.2d at 678). Accordingly, we AFFIRM the initial decision to the extent that it affirmed OPM's March 13, 2014 final decision dismissing the appellant's request for reconsideration as untimely. We VACATE the finding of the administrative judge concerning whether OPM abused its discretion. To the extent that the initial decision also appeared to dismiss OPM's reconsideration decision and/or the appellant's Board appeal, we VACATE those findings. *See* ID at 1, 4.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.